# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON WAYNE CLARK, #J-07943,<br><br>                                      Plaintiff,<br>      vs.<br>L.S. McEWEN, WARDEN, et al.<br><br>                                      Defendants. | CASE NO. 10cv2171 BTM (WMc)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>**[ DOC. NO. 3.]** |

On October 15, 2010, Plaintiff, a state prisoner proceeding *pro se*, filed a motion for appointment of counsel in this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. No. 3.] In his civil rights complaint, Plaintiff alleges deliberate indifference under the Eighth Amendment and a violation of his rights under the Fourteenth Amendment. [Complaint, Doc. No. 1 at p. 6.] Plaintiff seeks appointment of counsel in the above-entitled matter to assist him with research, investigation and legal issues. [Motion, Doc. No. 3 at pp. 1-2.]

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The Court may request an attorney to voluntarily represent a person proceeding *in forma pauperis* who is unable to afford counsel. 28 U.S.C. § 1915(d). However, such a request may only be made under section 1915 in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). A determination of exceptional circumstances requires the Court's consideration of: (1) the likelihood of success on the merits, and (2) the ability of the Plaintiff to state his claims *pro se* in light of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Neither the need for discovery, nor the fact the *pro se* litigant would be better served with the

1 assistance of counsel require a finding of exceptional circumstances. *Id.* Both of the exceptional
2 circumstances factors must be considered together before reaching a decision. *See Rand*, 113 F.3d at
3 1525; *Terrell*, 935 F.2d at 1017; *Wilborn,* 789 F.2d at 1331.

4     In light of the early stage of the proceedings with no answer from Defendants on file, the Court
5 cannot make a determination at this time on Plaintiff's likelihood of success on the merits of his
6 claims under the Eighth and Fourteenth Amendments.

7     After careful consideration of the Complaint in this case, the Court finds the issues of cruel
8 and unusual punishment and due process as presented are not particularly complex. In fact, Plaintiff
9 has been able to successfully file a complaint, an IFP motion and the instant motion for appointment
10 of counsel. The Court does not find exceptional circumstances exist at this time to warrant
11 appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**
12 without prejudice.

13     **IT IS SO ORDERED.**

14 DATED: October 20, 2010

15 
16     Hon. William McCurine, Jr.
    U.S. Magistrate Judge, U.S. District Court