# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON WAYNE CLARK,<br>CDCR #J-07943,<br><br>                         Plaintiff,<br><br>vs.<br><br>D. WASHINGTON, et al.,<br><br>                         Defendants. | Civil No.   10cv2171 BTM (WMc)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM INMATES'S TRUST ACCOUNT; and**<br><br>**(2)  DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**<br><br>**[Doc. No. 2]** |

Jason Wayne Clark ("Plaintiff"), a state prisoner currently incarcerated at Salinas Valley State Prison located in Soledad, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.  Plaintiff claims that his constitutional rights were violated when he was housed at Calipatria State Prison in early 2010.

/ / /

1   In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant
2   to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.**

**MOTION TO PROCEED IFP [Doc. No. 2]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.**

**SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*

*v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A. Constitutional Claims

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

### B. Application to Plaintiff's Complaint

#### *1. Eighth Amendment Failure to Protect Claims*

On April 11, 2010, Plaintiff claims that he was seriously injured in a riot while housed at Calipatria State Prison. (*See* Compl. at 4.) The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials act reasonably in protecting inmates from violence suffered at the hands of other prisoners. *Farmer*, 511 U.S. at 833; *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). However, to state a failure to protect claim, Plaintiff must allege facts sufficient to show that Defendants were "deliberately indifferent," that they were aware of, but nevertheless consciously disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 834. If the official is not alleged to have actual knowledge of a serious risk of harm, but is alleged to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, the plaintiff must further allege that the official "also dr[ew] the inference." *Id.* at 837; *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

Here, Plaintiff contends that "staff and administration were aware of tensions between the black and white inmate population but were negligent and indifferent in their duties by failing to take measures to prevent the riot where plaintiff was seriously injured." (Compl. at 4.) Plaintiff further alleges that staff "allowed" there to be two inmate manufactured weapons on the yard. (*Id.*)

Plaintiff's allegations are conclusory statements and fail to identify what each Defendant knew or should have known with regard to a risk of serious harm to Plaintiff. Plaintiff must affirmatively link the actions of each Defendant to the alleged constitutional violation. Moreover, Plaintiff claims "negligence" on the part of Defendants but mere negligence does not rise to the level of "deliberate indifference." *Farmer*, 511 U.S. at 835. Thus, the Court must dismiss Plaintiff's Eighth Amendment failure to protect claims for failing to state a claim upon which § 1983 relief may be granted.

### *2.     Exhaustion of Administrative Remedies*

The Court also cautions Plaintiff that while he may file an Amended Complaint, his Complaint may ultimately be dismissed for failing to exhaust his administrative remedies *prior* to filing this action. The PLRA provides, in part, that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516 (2002). "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," *Booth v. Churner*, 532 U.S. 731, 738 (2001), and "regardless of the relief offered through administrative procedures." *Id.* at 741. Moreover, the Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.*

The Ninth Circuit has also held that Section 1997e(a) "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement. Exhaustion

subsequent to the filing of the suit will not suffice." *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)).

Thus, because Plaintiff suggests that he failed to exhaust his available administrative remedies prior to bringing this action, his action may be subject to dismissal for failing to satisfy 42 U.S.C. § 1997e(a). *See Wyatt v. Terhune*, 315 F.3d 1108, 1121 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies.").

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants

1  not named and all claims not re-alleged in the Amended Complaint will be deemed to have been
2  waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).
3     5.   The Clerk is directed to mail a court approved § 1983 complaint form to Plaintiff.
4  **IT IS SO ORDERED.**

DATED: November 29, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge