
# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON WAYNE CLARK, CDCR #J-07943,<br><br>                     Plaintiff,<br><br>vs.<br><br>D. WASHINGTON; B. HATFIELD; L. GARZA; A. GARCIA; S. CRUZ; T. CATLETT; P. CASTRO; D. CARR; J. JIMENEZ, JR.; G.J. JANDA; L.S. McEWEN; DIRECTOR OF CORRECTIONS,<br><br>                     Defendants. | Civil No. 10cv2171 BTM (WMc)<br><br>**ORDER:**<br><br>**(1) DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND STAY; and**<br><br>**(2) DISMISSING FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES PURSUANT TO 42 U.S.C. § 1997e** |

## I.

### PROCEDURAL HISTORY

Plaintiff, Jason Wayne Clark, a state prisoner currently incarcerated at Salinas Valley State Prison and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a Motion to Appoint Counsel. On November 29, 2010, the Court granted Plaintiff's Motion to Proceed IFP, denied his Motion to Appoint Counsel and sua sponte dismissed his Complaint for failing to state a claim. *See* Nov. 29, 2010 Order at 4-6. Plaintiff

has now filed his First Amended Complaint in which there contains a renewed request for appointment of counsel and what appears to be a request for a stay while he exhausts his administrative remedies.

## II.

### REQUEST FOR COUNSEL

The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *Terrell*, 935 F.2d at 1017.

## III.

### REQUEST FOR STAY

In Plaintiff's First Amended Complaint he appears to seek a stay of the proceedings while he completes the exhaustion of his administrative grievances. The Court cannot grant a stay as Plaintiff must exhaust his available administrative remedies before he filed this action. The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be *brought* . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) holds that prisoners who are incarcerated at the time they file a civil action which challenges the conditions of their confinement are required to exhaust "all administrative remedies as are available" as a

mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198. Section 1997e(a) "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement. Exhaustion subsequent to the filing of the suit will not suffice." *Id.* (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)).

Here, Plaintiff has conceded that he has not yet exhausted his administrative remedies prior to filing this action. *See* FAC at 6-7. A prisoner's concession that he failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) is a valid ground for dismissal. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). Thus, the Court DISMISSES Plaintiff's action in its entirety for failing to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e. This dismissal is without prejudice to permit Plaintiff to refile a separate action upon completion of the administrative grievance process.

## IV.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for appointment of counsel and stay of the proceedings is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that**:**

2. Plaintiff's action is **DISMISSED** without prejudice for failing to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e.

The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: May 19, 2011

Honorable Barry Ted Moskowitz
United States District Judge